UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAI GABAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21 CV 463 MTS |
| ) | |
| GREGORY PATTERSON, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented Plaintiff Sarai Gabar[1] for leave to commence this action *in forma pauperis*, or without prepayment of the required filing fee. Doc. [2]. Based on the financial assertions of the motion, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). However, based on a review of Plaintiff's pleadings, the Court will direct Plaintiff to show cause as to why this action should not be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### **Plaintiff's Filings**

On April 21, 2021, Plaintiff initiated this suit by filing an "Affidavit for Temporary Restraining Order / Preliminary Injunction," against Gregory Patterson, the father of her child. Doc. [1]. Despite naming Patterson as the defendant in this matter, Plaintiff's complaint focuses on the allegation that she and her daughter "are in imminent danger, injured, and suffering abuse by Missouri state St. Louis County Circuit Court staff and Missouri Department of Social Services Children's Division agency." *Id.* at 1.

---

[1] Plaintiff filed this case under the name "Sarai Gabar;" however, many of the records that she submitted as exhibits to the complaint (including medical records and a warranty deed) refer to Plaintiff as "Quansa Thompson." *See* Doc. [1-1] at 18, 54-55, 58, 75; Doc. [1-6] at 1. It appears Plaintiff changed her name or started using a different legal name at some point in the last few years. *See* Doc. [1-5] at 4 (signed "Sarai Gabar Authorized Representative for QUANSA THOMPSON.").

Plaintiff states that after she gave birth to her daughter in February 2016, her daughter was removed from her care at the hospital, by the state of Missouri. While in the State's care, Plaintiff's infant daughter suffered multiple fractured bones. *Id.* at 2. When her daughter was a few months old, Plaintiff was granted partial custody. However, soon after, Plaintiff was arrested in Illinois when she left the state with her daughter. *Id.* at 3. Plaintiff was subsequently found unfit for trial and spent some time under psychiatric care. During her incarceration and detention for care, Plaintiff's daughter was in the care of the state of Missouri and then was put into the care of her biological father, the defendant Gregory Patterson. At one point, Plaintiff's daughter was removed by the state of Ohio from defendant's care and returned to Missouri. However, at a later date, defendant regained custody of Plaintiff's daughter.

In early 2018, Plaintiff petitioned for a hearing in Missouri court and was eventually granted supervised visitation with her daughter. *Id.* at 4-5. During the summer of 2019, Plaintiff alleges that her daughter told her that she was being sexually abused by defendant. *Id.* at 6; Doc. [1-1] at 5, 7. It is not entirely clear from the pleadings, but it appears that a state investigation found "insufficient evidence to conclude [Plaintiff's daughter] was the victim of sexual abuse perpetrated by Gregory Patterson." *Id.* at 14, 33.

Plaintiff asserts that she has been "barred … entrance to conduct business at the court house," that she has been "harassed by St. Louis County Police" at the St. Louis County Circuit Court security check, and that she has been denied court records. *Id.* at 7. At some point, Plaintiff hired a private investigator to locate Patterson and her daughter. Once their location was determined, Plaintiff repeatedly contacted local police asking for wellness checks on her daughter. *Id.* at 7-9. In an attempt to stop the wellness checks, Patterson filed a protective order against Plaintiff in state court. *Id.* at 13.

Plaintiff attached over a hundred pages of exhibits in support of her complaint. *See* Docs. [1-1] to [1-7].[2] Many of the exhibits appear to be documents from, or relevant to, prior state court proceedings concerning custody of Plaintiff's daughter. According to one of the exhibits, as of May 2021, Plaintiff had a pending case in St. Louis County Court for an Order of Protection on behalf of her daughter against defendant Patterson. Doc. [1-1] at 1. It is unclear if this matter has been resolved in state court.

In terms of relief, Plaintiff asks the Court for a temporary protective order, multiple orders restricting defendants' travel and state of residence, an order directing that a forensic examination be done on her daughter, an order directing defendant pay child support and maintenance, and an order dismissing all charges of neglect against Plaintiff and restoring custody to her. Doc. [1] at 11-12.

## Discussion

Plaintiff's filings do not state any basis for federal court jurisdiction over this matter. Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

---

[2] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. However, generally, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (citations omitted).

Here, Plaintiff is essentially contesting the state court custody decision regarding her daughter. To review Plaintiff's claims, this Court would have to inquire deeply into the propriety of the state court processes—a matter which falls squarely within the ambit of state law. In addition, independent review of Plaintiff's state court cases on Missouri Case.net, the State of Missouri's online docketing system, shows that Plaintiff has sought and been denied writ relief four times by the Supreme Court of Missouri in cases that appear to be factually related to the allegations in this case.[3]

The Court notes that any review of the state court's decisions would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi*

---

[3] *See State ex rel. Quansa Leshal Thompson v. St. Louis County, 21st Cir. Ct.*, Case No. SC96241 (Mo. Sup. Ct. Feb. 21, 2017); *State ex rel. Quansa Leshal Thompson v. St. Louis County*, Case No. SC96155 (Mo. Sup. Ct. Jan. 11, 2017); *State ex rel. Quansa Leshal Thompson v. Family Ct. of St. Louis City*, Case No. SC96124 (Mo. Sup. Ct. Dec. 28, 2016); *State ex rel. Quansa Leshal Thompson v. Hon. Ellen Ribaudo*, Case No. SC96058 (Mo. Sup. Ct. Nov. 18, 2016).

*Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Based on this doctrine, federal district courts lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).

Moreover, Plaintiff has not indicated that her claims could not receive a full and fair determination in state court. And state court, where the custody proceedings were held, is better equipped to handle the issues that have arisen in the course of Plaintiff's interactions with defendant. *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner, and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations and quotations omitted).

As such, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. [2] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that Plaintiff must show cause no later than **thirty (30) days** from the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

**Plaintiff's failure to timely comply with this Order could result in the dismissal of this action, without prejudice and without further notice.**

Dated this 30th day of June, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE