UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SARAI GABAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21 CV 463 MTS |
| ) | |
| GREGORY PATTERSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the pleading titled "Declaratory Judgement and Relief," filed by self-represented Plaintiff Sarai Gabar.[1]  Doc. [4].  On June 30, 2021, the Court ordered Plaintiff to show cause as to why this action should not be dismissed for lack of subject-matter jurisdiction.  Doc. [3].  The recent filing by Plaintiff seems to be, at least in part, in response to the Court's Order to show cause.  For the reasons discussed below, the Court will dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

**Background**

On April 21, 2021, Plaintiff initiated this suit by filing an "Affidavit for Temporary Restraining Order / Preliminary Injunction," against Gregory Patterson, the father of her child.  Doc. [1].  Despite naming Patterson as the defendant in this matter, Plaintiff's complaint focuses on the allegation that she and her daughter "are in imminent danger, injured, and suffering abuse

---

[1] Plaintiff filed this case under the name "Sarai Gabar;" however, many of the records that she submitted as exhibits to the complaint (including medical records and a warranty deed) refer to Plaintiff as "Quansa Thompson."  *See* Doc. [1-1] at 18, 54-55, 58, 75; 1-6 at 1.  It appears Plaintiff changed her name or started using a different legal name at some point in the last few years.  *See* Doc. [1-5] at 4 (signed "Sarai Gabar Authorized Representative for QUANSA THOMPSON.").

by Missouri state St. Louis County Circuit Court staff and Missouri Department of Social Services Children's Division agency." *Id.* at 1.

The state of Missouri removed Plaintiff's daughter from her care and custody soon after her daughter's birth in 2016. *Id.* at 2. Plaintiff's daughter was eventually put into the care of her biological father, the defendant Gregory Patterson. In 2018, Plaintiff was granted supervised visitation with her daughter. *Id.* at 4-5. During the summer of 2019, Plaintiff alleges that her daughter told her that she was being sexually abused by her father, defendant Patterson. *Id.* at 6; Doc. [1-1] at 5, 7. It is not entirely clear from the pleadings, but it appears that a state investigation found insufficient evidence to conclude defendant abused Plaintiff's daughter. Doc. [1-1] at 14, 33.

Many of the exhibits attached to the complaint appear to be documents from, or relevant to, prior state court proceedings concerning custody of Plaintiff's daughter. According to one of the exhibits, as of May 2021, Plaintiff had a pending case in St. Louis County Court for an Order of Protection on behalf of her daughter against defendant Patterson. Doc. [1-1] at 1.

On June 30, 2021, the Court issued an Order explaining that Plaintiff's filings do not state any basis for federal court jurisdiction over this matter. As such, the Court gave Plaintiff thirty (30) days to show cause as to why this case should not be dismissed for lack of jurisdiction.

### Plaintiff's "Declaratory Judgement and Relief" Filing

On August 13, 2021, the Court received Plaintiff's "Declaratory Judgement and Relief" memorandum with 248 pages of attached exhibits. Doc. [4 to 4-2]. In the filing, Plaintiff seems to be arguing that this Court has subject-matter jurisdiction over this case based on both federal question jurisdiction and diversity jurisdiction. Doc. [4] at 1. As to federal question jurisdiction, Plaintiff cites case law explaining that federal courts can hear cases arising under federal law. Yet, Plaintiff does not cite any federal law under which this cause of action is based. As to diversity

jurisdiction, Plaintiff simply states that she has "sustained actual injuries … exceeding $75,000" and that "Claimant and Defendant(s) does [sic] not share citizenship." *Id.*

Next, Plaintiff discusses the Social Security Act of 1935, Title XI, seemingly for the purpose of arguing that no "federal official, agent, or representative" may "take charge of any child over the objection of either of the parents of such child." *Id.* at 2. Finally, Plaintiff argues that defendant Patterson has violated her "substantive rights/procedural due process" by "unlawfully removing the child without good cause." *Id.* Plaintiff seeks "to stop the current sexual assault to the minor child" that Plaintiff alleges defendant Patterson is committing. *Id.*

Plaintiff labels her 248 pages of attachments as containing: (1) Denial for Writ of Habeas Corpus in Missouri Appeals Court; (2) Missouri Family Court Corruption Investigation; and (3) the Social Security Act 1935, Title XI. *Id.* Most of documents attached do not appear to be relevant to this issue before the Court – whether this Court has federal court jurisdiction. However, there are documents within the exhibits that indicate that defendant Patterson was living in the state of Missouri when Plaintiff filed this case in April 2021. *See* Doc. [4-1] at 2 (filed by Plaintiff in state court on June 25, 2021, listing Missouri address for Patterson); at 107 (document filed in St. Louis County in August 2020 by Social Services Specialist states that Patterson "currently lives in North County"); at 112-14 (document dated August 2020 describes Patterson as having "relocated to the St. Louis area"); at 123 (motion filed by Plaintiff in state court on February 2, 2021, listing Missouri address for Patterson); at 172 (petition for order of protection filed by Patterson in state court on March 30, 2021, against Plaintiff, lists both parties as residing in Missouri). Similarly, recent court documents filed by Plaintiff in state court list Plaintiff's address as being in the state of Missouri. *See id.* at 43 (signed June 23, 2021); at 123 (filed by Plaintiff February 2, 2021); at 238-39 (notarized February 6, 2021). The Court also notes that Plaintiff's mailing address on file with this Court is located in the state of Missouri.

**Discussion**

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The issue of the existence of jurisdiction may be raised at any time, by any party or by the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and to hear cases where diversity jurisdiction exists under 28 U.S.C. § 1332. In this case, Plaintiff is essentially contesting the state court custody decision regarding her daughter. Despite Plaintiff's suggestion otherwise, there is no indication that the allegations of her complaint are based on any violation of federal law. The instant action does not arise under the Constitution, laws, or treaties of the United States. Therefore, this Court does not have federal question jurisdiction pursuant to 28 U.S.C. § 1331.

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The burden falls upon the party seeking the federal forum to demonstrate that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Despite Plaintiff's assertion that she and defendant Patterson do "not share citizenship," state court documents filed since the initiation of

this matter indicate that both Plaintiff and defendant Patterson reside in the state of Missouri. As there is no evidence that complete diversity of parties is present here, Plaintiff has failed to meet her burden of establishing that the parties are diverse. Therefore, this Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Furthermore, in general, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception ... divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (citations omitted).

To review Plaintiff's claims regarding custody of her daughter, this Court would have to inquire deeply into the propriety of the state court processes—a matter which falls squarely within the ambit of state law. In addition, independent review of Plaintiff's state court cases on Missouri Case.net, the State of Missouri's online docketing system, shows that Plaintiff has sought and been denied writ relief four times by the Supreme Court of Missouri in cases that appear to be factually related to the allegations in this case.[2]

The Court notes that any review of the state court's decisions would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced

---

[2] *See State ex rel. Quansa Leshal Thompson v. St. Louis County, 21st Cir. Ct.*, Case No. SC96241 (Mo. Sup. Ct. Feb. 21, 2017); *State ex rel. Quansa Leshal Thompson v. St. Louis County*, Case No. SC96155 (Mo. Sup. Ct. Jan. 11, 2017); *State ex rel. Quansa Leshal Thompson v. Family Ct. of St. Louis City*, Case No. SC96124 (Mo. Sup. Ct. Dec. 28, 2016); *State ex rel. Quansa Leshal Thompson v. Hon. Ellen Ribaudo*, Case No. SC96058 (Mo. Sup. Ct. Nov. 18, 2016).

and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Based on this doctrine, federal district courts lack subject matter jurisdiction to engage in appellate review of state court decisions.  *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).

Moreover, Plaintiff has not indicated that her claims could not receive a full and fair determination in state court.  It would appear that the state court, where the custody proceedings were held, would be better equipped to handle the issues that have arisen in the course of Plaintiff's interactions with defendant.  *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner, and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations and quotations omitted).

For all of the above reasons, this case will be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of October, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE